# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DONALD ANDERSON,<br><br>    Defendant. | **No. 05-CR-4065-DEO**<br><br>**FINAL ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

This Order concerns a proposed agreement between the Defendant, Donald Anderson, and the United States. Anderson had previously requested a sentence reduction pursuant to 18 U.S.C. § 3582(c). Docket No. 98. Pursuant to the agreement, the Government has agreed to not oppose the requested reduction. In exchange, Anderson has agreed to not seek further relief beyond that obtained through the agreement. Finding the agreement appropriate, the Court will grant the requested reduction pursuant to 18 U.S.C. § 3582(c)(2).

In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the

> factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

On November 1, 2007, the Sentencing Commission issued Amendment 706, as amended by Amendment 711, to U.S. Sentencing Guideline (USSG) § 2D1.1. Amendment 706 generally reduces by two levels the base offense level that is applicable to cocaine base (crack) offenses. On December 11, 2007, the Sentencing Commission voted to apply Amendment 706 retroactively to crack offenses, and it set March 3, 2008, as the date that Amendment 706 could be applied retroactively. The Sentencing Commission also promulgated amendments to USSG § 1B1.10, which set forth the conditions that must exist before a defendant is entitled to a sentence reduction. New USSG § 1B1.10 took effect on March 3, 2008, and, in relevant part, states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG § 1B1.10(a)(1). The Sentencing Commission included Amendment 706 within subsection (c). USSG § 1B1.10(c). Further, on April 16, 2008, the Sentencing Commission promulgated Amendment 715 to USSG § 2D1.1 and USSG § 1B1.10, and it set May 1, 2008, as the date that Amendment 715 could be applied retroactively. With respect to USSG § 2D1.1, Amendment 715 modifies the commentary, that is, revises the manner in which combined offense levels are determined in cases involving crack and one or more other controlled substances. Concerning USSG § 1B1.10, the Sentencing Commission deemed it appropriate to include Amendment 715 within subsection (c). USSG § 1B1.10(c). Consequently, under 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10, the Court may rely on Amendment 706 or Amendment 715, or both, to reduce the defendant's sentence.

Turning to the instant matter, upon due consideration of the record in this case and the foregoing statutory and guideline provisions, the Court concludes that Anderson is entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10. See United States v. Wyatt, 115 F.3d 606, 608-609 (8th Cir. 1997) (explaining requirements under 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10). This

reduction is consistent with the parties' agreement and, as explained below, results in a new sentence of 76 months.

At his original sentencing, the Court placed Mr. Anderson at Level 35, Category I, for an advisory guideline range of 168 to 210 months.  With the two-level reduction dictated by the parties' agreement and authorized by 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10, Mr. Anderson would be placed at Level 33, Category I, resulting in an amended guideline range of 135-168 months.  The Court further reduced Anderson's sentence by 40 percent from the bottom of the guideline range. The same reduction from the amended guideline range produces a sentence of 81 months.  With the additional five months' reduction that the Court granted because of Mr. Anderson's family circumstances, his final sentence becomes 76 months, 20 months below the 96 months originally imposed.  Apart from the committed portion of Anderson's sentence, all of the other previously-imposed terms and conditions remain the same; the duration and conditions of the defendant's supervised release remain unchanged.

The Clerk of Court is directed to satisfy Anderson's motion to reduce sentence under 18 U.S.C. § 3582(c)(2). Docket No. 98.  The Clerk of Court is also directed to send a

copy of this Order to the Bureau of Prisons, that is, the place where Anderson is currently incarcerated. Finally, the Clerk of Court is directed to send a copy of this Order to Mr. Anderson, Register No. 18009-424.

    **IT IS SO ORDERED** this 30th day of December, 2009.

                                           */s/ Donald E. O'Brien*
                                           Donald E. O'Brien, Senior Judge
                                           United States District Court
                                           Northern District of Iowa